Filed 7/1/26  P. v. Wyatt CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HASAN WYATT,<br><br>    Defendant and Appellant. | D087348<br><br><br>(Super. Ct. No. FSB21001291) |

APPEAL from a judgment of the Superior Court of San Bernardino County, David S. Cohn, Judge.  Reversed with directions.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Tami Falkenstein Hennick and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

**MEMORANDUM OPINION**

In March 2021, Hasan Wyatt stalked and harassed his ex-girlfriend. She obtained a restraining order against him, but his behavior only escalated. At the end of the month, after weeks of showing up at her workplace unannounced, vandalizing her vehicle, following her, and repeatedly calling her, Wyatt entered her workplace wearing a wolf mask. He punched her in the face several times, knocking her to the ground. Then, while holding one of her legs in the air to immobilize her, stomped on her face. Her nose and orbital bones were broken. She could not see out of her left eye for about one month.

The prosecution charged Wyatt with four felonies—attempted murder (Pen. Code,[1] §§ 664/187, subd. (a); count 1), stalking in violation of a restraining order (§ 646.9, subd. (b); count 2), assault with force likely to produce great bodily injury (§ 245, subd. (a)(4); count 5), and inflicting corporal injury on a dating partner resulting in a traumatic condition (§ 273.5, subd. (a); count 6)—as well as two misdemeanors—violating a domestic violence restraining order (§ 273.6, subd. (a); count 4) and violating such an order resulting in physical injury (§ 273.6, subd. (b); count 3). As to each felony count, it was alleged that Wyatt personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)).

The prosecution further alleged aggravating sentencing factors (§ 1170, subd. (b)(2)) and two prior conviction enhancements—one prior strike (§§ 667, subs. (b)-(i)/1170.12, subds. (a)-(d)) and one prior serious felony (§ 667, subd. (a)). Before jury selection, the court granted Wyatt's request to bifurcate trial on the prior strike allegation.

_____

[1]    Further undesignated statutory references are to the Penal Code.

During trial, when Wyatt decided to testify in his defense, he successfully moved to preclude the prosecution from eliciting the nature of his prior conviction (attempted murder) for impeachment purposes. The parties then stipulated that Wyatt had "suffered a prior felony conviction out of Riverside County, with the date of conviction of July 26th, 2007, in Court Case No. RIF-128769." The stipulation was presented to the jury just before Wyatt took the stand. The jurors were later instructed that they could consider the felony conviction only in evaluating the credibility of Wyatt's testimony.

The jury could not reach a verdict on the attempted murder count or the great bodily injury allegation. The court declared a mistrial as to those charges. The jury found Wyatt guilty on the remaining counts.

At the prosecution's request, the court dismissed the charges on which the jury could not agree. It then set a sentencing date. The prosecutor noted that the aggravated sentencing factors needed to be addressed. Defense counsel asserted "those have gone down the river and under the bridge" because Wyatt did not waive his right to a jury trial on the factors, and the jury was dismissed. The court agreed and affirmed they would "not be dealing with aggravated factors" at sentencing.

The minute order of the sentencing hearing begins with the following entries: "Action came on for Sentencing. [¶] Court has read and considered Probation Officer's Report. [¶] Off the record, Court and counsel confer in chambers. [¶] Defense request for Count 2 sentence to be stayed or concurrent is denied. [¶] As to Count 999. PC1170.12(A)-(D)-A: Prior Felony Convictions, a Disposition of True – Court Finding (Priors) is entered. [¶] As to Count 999. PC 667(B)-(I)-A: Prior Serious/Violent Felony, a Disposition of True – Court Finding is entered. [¶] Formal arraignment

3

for Pronouncement of Judgment is waived; no legal cause why Judgment should not now be pronounced." By contrast, the reporter's transcript of the sentencing hearing begins with the court confirming there was no legal cause why judgment should not be pronounced.

Addressing Wyatt, the court stated "[w]e had a conference regarding your case" and then sentenced him to eight years in prison: six years for the corporal injury count—the midterm of three years doubled "by virtue of the strike, which was found to be true"—and two years for the stalking count— one-third the midterm of two years doubled. The remaining counts were stayed (§ 654). The court declined to add the five-year prior serious felony enhancement since it was "not legally proper in [this] case," which counsel agreed with.

## DISCUSSION

Wyatt contends his Three Strikes sentence is unauthorized because the prior strike allegation was never admitted or found true by the jury or court. The Attorney General concedes the issue, and we accept the concession.[2]

A defendant has a statutory right to a jury trial on the issue of whether he suffered an alleged prior conviction. (*People v. Epps* (2001) 25 Cal.4th 19, 25, citing §§ 1025, subd. (b) & 1158.) He may waive that right and submit to a court trial or admit the truth of the prior conviction allegation. (§§ 1025, subd. (a) & 1158.) Here, there is nothing in the record showing there was any trial on the prior strike. After returning their verdicts on the substantive offenses, the jurors were discharged without considering the strike.

---

[2] The Attorney General primarily asserts that Wyatt forfeited his claim by failing to support his argument with legal citations. While the premise may be technically accurate, we decline to reject the claim on this basis given the clear error.

4

The prosecutor later alerted the trial court that the aggravated sentencing factors needed to be "address[ed]," but made no mention of the prior strike (or the prior serious felony) at that time. Had he or defense counsel done so, the court could have convened a new jury to try the prior conviction allegation. (See *People v. Saunders* (1993) 5 Cal.4th 580, 595–596 [when the court improvidently discharged the jurors before they decided prior conviction allegations, and the defense failed to timely object, double jeopardy did not bar trial of the allegations before a new jury].)

But, for whatever reason, the strike was not mentioned again until sentencing, when the court doubled Wyatt's sentence based on the strike, which the court stated "was found to be true." To be sure, there are cases in which the reviewing court has determined the trial court *impliedly* found true an enhancement allegation by imposing the enhancement at sentencing. But in such cases, the trial court was at least presented evidence supporting the allegation. (See, e.g., *People v. Clair* (1992) 2 Cal.4th 629, 691, fn. 17; *People v. Chambers* (2002) 104 Cal.App.4th 1047.) The same is not true here. While the prosecutor at one point represented that he had "the certified 969b packet" for the prior, there is no indication he presented those documents, or any other evidence, to the court. And although the minute order of sentencing reflects a true finding by the court on the prior strike, we cannot rely on those entries because there is no oral record of the court making those findings. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385–386.)

Moreover, we do not interpret Wyatt's stipulation to having "suffered a prior felony conviction" for impeachment purposes as an admission to having suffered the strike. Critically, he did not admit to suffering a prior conviction for the alleged serious and/or violent felony—attempted murder.

Wyatt asks that we vacate his sentence and remand for resentencing without the prior strike.  The Attorney General points out, however, that there is no constitutional or procedural bar precluding the prosecution from retrying a prior strike allegation following appellate reversal for insufficient evidence.  (See *People v. Barragan* (2004) 32 Cal.4th 236, 239 ["constitutional requirement of fundamental fairness, equitable principles of res judicata and law of the case, and relevant statutory provisions" do not bar retrial of prior strike allegation]; *People v. Monge* (1997) 16 Cal.4th 826, 829 [state and federal prohibitions against double jeopardy do not bar retrial of a prior conviction allegation in a noncapital case], affd. *sub nom. Monge v. California* (1998) 524 U.S. 721.)  Wyatt offers no reason why the prosecution should be barred from retrial in this analogous context.  We will therefore reverse the judgment and remand to afford the prosecution an opportunity to retry the prior strike allegation.  Wyatt must be resentenced in any event.

## DISPOSITION

We reverse and remand for further proceedings in light of our opinion.[3]

DATO, J.

WE CONCUR:

McCONNELL, P. J.

RUBIN, J.

---

[3] In his opening brief, Wyatt also argued the trial court miscalculated his presentence custody credit and the abstract of judgment needed to be corrected to reflect that his corporal injury and stalking convictions were *not* violent felonies. These claims are moot because the court issued an amended abstract addressing these errors while this appeal was pending, and Wyatt will be resentenced in light of this decision, leading to yet another amended abstract. We note the court should clarify on remand whether the aggravating sentencing factors and prior serious felony enhancement have been dismissed.